**SO ORDERED.**

**SIGNED this 07 day of May, 2009.**



Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re:<br><br>BISON PARK DEVELOPMENT, LLC,<br><br>DEBTOR. | CASE NO. 07-22754-11<br>CHAPTER 11 |
| BISON PARK DEVELOPMENT, LLC,<br><br>PLAINTIFF,<br><br>v.<br><br>NORTH AMERICAN SAVINGS BANK,<br><br>DEFENDANT. | ADV. NO. 08-6086 |

**OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This proceeding is before the Court on defendant North American Savings Bank's motion for summary judgment. The Bank appears by counsel Thomas M. Franklin of the

Franklin Law Firm. Plaintiff-Debtor Bison Park Development, LLC, appears by counsel Jonathan A. Margolies of McDowell Rice Smith & Buchanan. The Court has reviewed the relevant materials and is now ready to rule.

The Debtor filed the complaint commencing this proceeding to try to avoid as fraudulent conveyances its grant to the Bank of a deed of trust for certain property and its payment to the Bank of the bulk of the proceeds from a subsequent sale of that property. The Debtor relies on statutes which authorize it to avoid as constructively fraudulent transfers for which it received less than a reasonably equivalent value. The Bank has moved for summary judgment, contending (1) it gave value for both the transfers being attacked, and (2) the Debtor cannot prove that value was less than reasonably equivalent to the value of the interests it transferred to the Bank. The Court concludes the Bank's motion must be granted.

**Facts**

As required by District of Kansas Local Bankruptcy Rule 7056.1(a), the Bank began its memorandum in support of its motion with a statement of facts it contended are not disputed. In lieu of responding to those facts as required by subsection (b) of that local rule, the Debtor set out additional facts which were alleged in its complaint and admitted in the Bank's answer, and which the Bank does not dispute in its summary judgment motion. Consequently, the Debtor is deemed to have admitted the facts stated in the Bank's memorandum. The Court concludes the following facts are either not in dispute or are deemed admitted.

In June 2005, the Debtor borrowed $1.5 million from the Bank, secured by a deed of trust on a residential development known as Bison Park. The promissory note ("Demand Note") said the Debtor would pay the debt "on demand and if no demand is made on June 9, 2006 ('Maturity')." The Debtor also owned, free and clear, nineteen acres of land known as Whispering Cove, but the Bank sought no interest in that land at that time.

Less than a month before the no-demand maturity date of the Demand Note, Alexander Construction, Inc., an affiliate of the Debtor, borrowed money from the Bank, secured by real estate not involved in this proceeding. At the same time, the Debtor gave the Bank a deed of trust for Whispering Cove. This deed of trust stated it was to secure up to $1 million owed to the Bank at that time or in the future by the Debtor, Alexander Construction, Inc., or "Troy A. Ruf and/or Nancy Ruf." (Troy Ruf is an individual member of the Debtor; the materials submitted do not indicate whether Nancy Ruf has any interest in the Debtor). For approximately five months before giving the Bank the Whispering Cove deed of trust, the Debtor was not selling any lots in Bison Park, and its interest payments on the Demand Note were irregular and late, so the Bank wanted further security for the nearly-matured Demand Note.

On August 8, 2007, approximately fourteen months after it gave the Bank the Whispering Cove deed of trust, the Debtor sold the Whispering Cove property. The Bank required the Debtor to give it $626,355.28 from the proceeds of that sale, which the Bank applied to the balance owed on the Demand Note.

The Debtor filed a Chapter 11 bankruptcy petition on December 6, 2007, four months after it sold the Whispering Cove property. At that time, the balance owed on the Demand Note was $736,606.02.

In July 2008, the Debtor filed the complaint that commenced this proceeding. It alleged it had received less than reasonably equivalent value in return for giving the Whispering Cove deed of trust to the Bank, so it could avoid that transfer under the Missouri version of the Uniform Fraudulent Transfer Act, through § 544(b) of the Bankruptcy Code, and under § 548(a), and consequently, could also avoid the later payment of the bulk of the Whispering Cove sale proceeds to the Bank. In its summary judgment motion, the Bank contends that it gave the Debtor value for the transfer, and that the Debtor has produced no evidence that could show the value the Bank gave was not reasonably equivalent to the value of the deed of trust the Debtor gave the Bank.

**Discussion**

*1. Summary judgment rules*

Under the applicable rules of procedure, the Court is to grant summary judgment if the moving party demonstrates that there is "no genuine issue of material fact" and that the party "is entitled to a judgment as a matter of law."[1] The substantive law identifies which facts are material.[2] A dispute over a material fact is genuine when the evidence is such that a reasonable factfinder could resolve the dispute in favor of the party opposing

---

[1] Fed. R. Civil P. 56(c), made applicable by Fed. R. Bankr. P. 7056.

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

4

the motion.[3] In adjudicating disputes, bankruptcy courts usually both determine the law and find the facts. In deciding a summary judgment motion, though, the Court is limited to its role of deciding legal questions, not weighing the evidence and resolving factual disputes, but merely determining whether the evidence favorable to the non-moving party about a material fact is sufficient to require a trial[4] at which the Court would act in its factfinding role. Summary judgment is inappropriate if an inference can be drawn from the materials properly submitted either to support or oppose the motion that would allow the non-moving party to prevail at trial.[5]

The substantive law's allocation of the burden of proof also affects the Court's analysis of a summary judgment motion. The party asking for summary judgment has the initial burden of showing that no genuine issue of material fact exists.[6] But if the moving party does not have the burden of proof on a question, this showing requires only pointing out to the Court that the other party does not have sufficient evidence to support a finding in that party's favor on that question.[7] When such a showing is made, the party with the burden of proof must respond with affidavits, depositions, answers to interrogatories, or admissions sufficient to establish that a finding on the question could properly be made in

---

[3]*Id*.

[4]*Id*. at 249-50.

[5]*See id*. at 248.

[6]*Shapolia v. Los Alamos Nat'l Lab.,* 992 F.2d 1033, 1036 (10th Cir. 1993).

[7]*Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

5

the party's favor at trial.[8]

## *2.   The Debtor's claim under the Missouri Uniform Fraudulent Transfer Act[9]*

In the first count of its complaint, the Debtor relies on two sections of the Missouri Uniform Fraudulent Transfer Act (MUFTA) that authorize a creditor of a debtor to avoid the debtor's transfer of something if the debtor received less than a reasonably equivalent value in return for the transfer, and certain other criteria are met. The first is § 428.024, which provides in relevant part:

> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation incurred, if the debtor made the transfer or incurred the obligation:
> > (1) With the actual intent to hinder, delay, or defraud any creditor of the debtor; or
> > (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> > > (a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> > > (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

The second is § 428.029, which provides in relevant part:

> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

In its summary judgment motion, the Bank contends the Debtor will not be able to prove

---

[8]*Celotex,* 477 U.S. at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[9]Mo. Ann. Stat. §§ 428.005 to 428.059 (West 2009).

6

at trial that it received less than a reasonably equivalent value in return for the Whispering Cove deed of trust.

The Missouri Court of Appeals has declared that a party seeking under § 428.024(1)(1) of the MUFTA to avoid a transfer as having been made with the actual intent to hinder, delay, or defraud any creditor has the burden of proof.[10] This Court believes the same burden of proof would likewise be imposed on a party seeking to avoid a transfer under either § 428.024(1)(2) or § 428.029(1) as having been constructively fraudulent because the debtor did not receive a reasonably equivalent value in return for the transfer being attacked.

In its response to the Bank's motion for summary judgment, the Debtor alleges it received less than a reasonably equivalent value in return for giving the Bank the Whispering Cove deed of trust because the deed of trust provided "no value whatsoever" to the Debtor. Although the deed of trust secured other parties' debts to the Bank, the deed of trust says it also secured any debts the Debtor owed to the Bank, which included the Debtor's Demand Note when it gave the deed of trust.

Under the MUFTA, "Value is given for a transfer or obligation if, in exchange for the transfer or obligation, . . . an antecedent debt is secured."[11] The Bank's documents show the deed of trust secured the Debtor's Demand Note, as well as other parties' debts to the Bank, so there can be no doubt the Bank gave the Debtor "value" for the deed of

---

[10]*Bueneman v. Zykan*, 52 S.W.3d 49, 54 (Mo. Ct. App. 2001).

[11]Mo. Ann. Stat. § 428.109(1) (West 2009).

trust, as value is defined in the MUFTA. Since the Bank has shown the Debtor's assertion it received absolutely no value in return for the deed of trust is wrong, and has further claimed in its summary judgment motion that the Debtor cannot show the value it did receive was less than reasonably equivalent to the value of the deed of trust, the Debtor was obliged to produce materials showing it had evidence that could support a finding the value was not reasonably equivalent.[12] The Debtor has produced nothing to fulfill that obligation. Consequently, the Bank is entitled to summary judgment denying the Debtor's claim under the MUFTA to avoid the Whispering Cove deed of trust.

### 3. *Debtor's claim under § 548(a)(1)(B)*

In the second count of its complaint, the Debtor relies on § 548(a)(1)(B) of the Bankruptcy Code, which authorizes a Chapter 11 debtor-in-possession to avoid a transfer it made prepetition if it received "less than a reasonably equivalent value"[13] in return for the transfer.[14] The party seeking to avoid a transfer under § 548(a)(1)(B) has the burden of proving the transfer was made for less than a reasonably equivalent value.[15] In relevant part, § 548(d)(2)(A) provides that under § 548, "value" means "property, or satisfaction

---

[12]*Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

[13]§ 548(a)(1)(B)(i).

[14]Any one of four other facts must also have been true at the time of the transfer, *see* § 548(a)(1)(B)(ii)(I) to (IV), but the Bank's motion does not attack the Debtor's ability to prove one of those facts.

[15]*Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.)*, 904 F.2d 588, 593-94 (3d Cir. 1990). In 1990, the "reasonably equivalent value" language was labeled as § 548(a)(2)(A), but it has since been redesignated as § 548(a)(1)(B).

8

or securing of a present or antecedent debt of the debtor." Under this definition, the Bank undoubtedly gave the Debtor at least some value in return for the Whispering Cove deed of trust because the deed of trust secured the Debtor's antecedent debt to the Bank. The Debtor's mistaken allegation that it received no value at all in return for the deed of trust therefore must fail as a matter of law.

The Bank has shown it gave, by definition under § 548(d)(2)(A), at least some "value" for the Whispering Cove deed of trust and has pointed out that the Debtor will not be able to prove that value was not reasonably equivalent to the value of the deed of trust the Debtor gave it. In response, as the party with the burden of proof, the Debtor was obliged to produce at least some evidence that could support a finding in its favor on the question whether the value the Bank gave was less than reasonably equivalent to the value of the deed of trust.[16] Because the Debtor failed to produce any evidence on that score, the Debtor's entire claim under § 548(a)(1)(B) fails, and the Bank's request for summary judgment on that claim must be granted.

### 4. *Debtor's claim to recover the Whispering Cove sale proceeds*

The Debtor's claim to recover the $626,355.28 it gave the Bank from the proceeds of its sale of the Whispering Cove property depends on its ability to avoid the deed of trust transfer. Since the Court has concluded the Debtor cannot avoid the deed of trust transfer, the Debtor's effort to recover the sale proceeds must also fail. The Bank applied

---

[16]*Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

its share of the sale proceeds dollar for dollar against the Debtor's debt to it, so any effort to suggest the transfer of the proceeds was itself made for less than a reasonably equivalent value could not succeed.

**Conclusion**

For these reasons, North American Savings Bank's motion for summary judgment must be granted.

The foregoing constitutes a decision under Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 56(c) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by FRBP 9021 and FRCP 58.

# # #